## BAKER v STATE

Ohio Appeals, 9th Dist, Summit Co

No 2529. Decided April 4, 1935

Donald Gottwald, Akron, for plaintiff in error.

Herman E. Werner, Prosecuting Atty., Akron, and J. W. Harrah, Asst. Pros. Atty., Akron, for defendant in error.

## OPINION

**PER CURIAM**

The principal error complained of is that the judgment of the trial court is manifestly against the weight of the evidence.

To reverse upon that ground requires the concurrence of all of the judges of this court. We have carefully read and considered at length the record, and have been mindful of the law which requires proof of crime beyond a reasonable doubt, but we are unable to reach the unanimous conclusion that this conviction should be reversed upon the weight of the evidence.

We find no prejudicial error in any of the other claims made.

Judgment affirmed.

## ON REHEARING

Decided April 17, 1935

An application for a rehearing of this case has been filed, and we are asked to re-examine the question of whether or not the trial court had jurisdiction to try plaintiff in error, there having been no indictment or information filed. The plaintiff in error was tried upon a charge made in an affidavit which was not signed by the prosecuting attorney, and it is claimed that §1683-1, GC, which provides for the exercise of jurisdiction to try misdemeanors upon affidavits filed, does not include a case like this one, where the offense is committed by an adult and not by a minor.

The answer to such claim depends upon the construction to be given to §1683-1, GC, when considered in connection with the other provisions of the Juvenile Act.

Said section refers to the exercise of jurisdiction by the Juvenile judge in reference to "all misdemeanors against minors" and offenses designated in certain enumerated sections of the General Code which are not a part of the Juvenile Act, which offenses are also committed against and not by minors.

It is apparent that said section—§1683-1, GC—by its express terms relates to offenses which are against minors in the sense that their welfare is involved.

Such construction seems to be fully warranted when consideration is given to the other provisions of the Juvenile Act which precede §1683-1, GC.

Ample jurisdiction is therein expressly conferred upon the Juvenile Court as to the offense of failure to support a minor (§1655, GC), and it seems to us that the legisla-

ture plainly intended by the language "misdemeanors against minors" in §1683-1, GC, to refer to the offense against a minor mentioned in §1655, GC, as well as offenses under the other enumerated sections of the Code which are not a part of the Juvenile Code.

When the objects and purposes of the Juvenile Act, which are manifest from an examination of all of its provisions, are considered, it seems to us that it is more probable that by the words "misdemeanors against minors" the legislature intended to describe acts done to minors rather than acts done by minors.

Moreover, we think that said section (§1683-1 GC) also permits offenses by minors to be tried upon affidavit.

Jurisdiction to try offenses committed by minors is conferred (§1644, GC) and when the entire act is considered, it is reasonable to conclude that the legislature, by the language "in all such cases" in §1683-1, GC, had reference to "the jurisdiction conferred in this chapter," mentioned in the fore part of said section, and intended that the provisions of §1683-1, GC, as to proceeding by affidavit, should apply to offenses by minors mentioned in §1654, GC.

Said section (§1683-1 GC) provides that "in all such cases" the charge may be by affidavit of "any person" and that "in such prosecutions an indictment by the grand jury or information by the prosecuting attorney shall not be required" and that the accused shall be tried by the Juvenile Court upon such affidavit and "punished in the manner provided for by law."

Our conclusion, therefore, is that the Juvenile Court had jurisdiction to try the plaintiff in error upon said affidavit, which charged him with failing to support his minor child.

Our construction of §1683-1, GC, being in conflict with two decisions of other Courts of Appeals (Wilson v Leasure, 36 Oh Ap 107, and State ex Altick v Webster, 18 ABS 397), one of which has been published since the original announcement of our decision in this case, this cause will be certified to the Supreme Court for final determination.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.

April 18, 1935.

Since the announcement of the foregoing decision, the Supreme Court has announced a decision in which it reversed the judgment of the Court of Appeals in the aforementioned case of State ex Altick v Webster, and in the syllabus of that case the law is declared to be as follows:

"1. The violation of §1655, GC, imposing a penalty for the failure to care for, educate and support a minor under 18 years of age, is properly charged before a Juvenile Court by affidavit, and such court has jurisdiction to hear and determine all further proceedings thereunder."

Said decision being in accordance with our decision in this case, the same will not be certified to the Supreme Court for final determination.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.